```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     COLUMBIA DIVISION
```

CINDY LYNN REED,                )
                                )
        Plaintiff               )
                                )       No. 1:12-0010
v.                              )       Judge Nixon/Brown
                                )
MICHAEL J. ASTRUE, Commissioner )
of Social Security,             )
                                )
        Defendant               )

**TO:    THE HONORABLE JOHN T. NIXON**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

## BACKGROUND

The Plaintiff filed this case on January 20, 2012 (Docket Entry 1) seeking a review of an adverse decision by the Social Security Administration. After the administrative record was filed on March 20, 2012 (Docket Entry 7), the Magistrate Judge entered a scheduling order (Docket Entry 8) which provided that the Plaintiff was to file a motion for judgment on the administrative record, supported by a brief, within 30 days of the entry of the order. Subsequently, the Plaintiff filed a motion requesting an extension of time (Docket Entry 9). This motion was granted and the Plaintiff was allowed until June 12, 2012, to file a motion and brief. No motion was filed by the deadline, and on July 13, 2012, the Magistrate Judge entered an order pointing out that no motion had been filed and that no additional request for an extension of

time had been requested. The Plaintiff was directed to either file a motion within 14 days or the Magistrate Judge would prepare a report and recommendation recommending the case be dismissed for failure to prosecute and to obey Court orders.

As of the date of this Report and Recommendation the Plaintiff has taken no action whatever.

**LEGAL DISCUSSION**

A party must prosecute their case and must obey Court orders.

The Magistrate Judge understands that Social Security briefs tend to be lengthy and require a careful analysis of the administrative record. The Magistrate Judge will normally grant either side additional time upon their request, as he has already done in this case. However, in this case Plaintiff's counsel, even after being given an extension, has failed to file a brief now fully six weeks after the deadline counsel requested and was granted, and even after the Magistrate Judge set a later specific deadline and warned counsel of the consequences of failing to take some action.

Dismissal, is authorized under Rule 41(b) for failure to obey Court orders. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999) set forth a general four-part test to be considered before the drastic action of dismissal was applied. The four-part test, in short, is (1) whether the action of counsel was willful or in bad faith; (2) whether there is prejudice to the other party; (3) whether the counsel was warned of possible dismissal; and (4)

whether the Court has considered less drastic action.  *See also Schleis v. Moe*, 320 F. App. 312 (6th Cir. 2008).

The first consideration is that the Plaintiff has given no explanation whatsoever as to why, even six weeks after the brief was first due, that no action has been taken.  Therefore, the Magistrate Judge can only conclude that failure to do so, and the lack of any explanation, is willful and perhaps in bad faith.

The second consideration is whether there is prejudice to the other party.  This is not a strong factor as the Social Security Administration is not unduly prejudiced by a failure to respond as they have not paid any benefits are not presently paying any benefits.

The third consideration is whether counsel was warned of the consequences of failure to act.  The Magistrate Judge clearly warned counsel in the order on July 13, 2012, of the consequences of failing to file a brief.

Finally, the Magistrate Judge has certainly considered less drastic matters by allowing the Plaintiff an additional two weeks, even though the Plaintiff was already over a month past the extension previously granted.

As far as the Magistrate Judge can determine from the records, Plaintiff's counsel has simply abandoned this case, has taken no action to prosecute it, and has failed to obey the Court's scheduling order and the Court's more specific deadline order.

3
Case 1:12-cv-00010   Document 12   Filed 08/02/12   Page 3 of 4 PageID #: 1291

Under these circumstances, the Magistrate Judge believe that dismissal without prejudice is appropriate.[1]

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 2nd day of August, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] Even though the dismissal is without prejudice it may well be that time limitations on actions will preclude the Plaintiff from refiling this case.